IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| Sherry Blackburn, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : **COMPLAINT** |
| Southwest Recovery Services, Inc.; and DOES 1-10, inclusive, | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Sherry Blackburn, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Sherry Blackburn ("Plaintiff"), is an adult individual residing in Aflex, Kentucky, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Southwest Recovery Services, Inc. ("SRS"), is a Texas business entity with an address of 2591 North Dallas Parkway, Suite 300, Frisco, Texas 75034, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by SRS and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. SRS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff's daughter allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to SRS for collection, or SRS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. SRS Engages in Harassment and Abusive Tactics

12. Within the last year, Defendants contacted Plaintiff in an attempt to collect the Debt.

13. The Debt did not belong to Plaintiff and Plaintiff was not a co-signer on the Debt.

14. On each call placed to Plaintiff, Defendants stated they were looking for Cristal Verni, who was Plaintiff's daughter.

15. Defendants placed several phone calls to Plaintiff using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

16. Furthermore, Defendant placed calls to Plaintiff before 8:00a.m.

17. During the initial conversation, and countless thereafter, Plaintiff explained to Defendants that her daughter did not live with Plaintiff and could not be reached at Plaintiff's number.

18. Subsequently, Plaintiff requested that Defendants stop all calls and Robocalls to her home telephone regarding the Debt.

19. Nonetheless, Defendants continued to hound Plaintiff with telephone calls and Robocalls in an attempt to collect the Debt.

20. During one conversation, when Plaintiff informed Defendants she would seek legal recourse, Defendants condescendingly replied, "so sue me," and terminated the call on Plaintiff.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT –**
**15 U.S.C. § 1692, *et seq*.**

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff before 8:00 a.m.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the Plaintiff.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

29. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT, Ky. Rev. Stat. Ann. § 367.110, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Defendants are each individually a "person" as defined by Ky. Rev. Stat. Ann. § 367.110(1).

33. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Ky. Rev. Stat. Ann. § 367.170.

34. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INTRUSION UPON SECLUSION

35. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Kentucky state law recognizes the Plaintiff's right to be free from invasions of privacy in such a manner as to outrage or cause serious mental suffering, shame, and humiliation to Plaintiff; thus, the Defendants violated Kentucky state law.

37. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with phone calls to her home.

38. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency that they caused serious mental suffering, shame, and humiliation to Plaintiff thus satisfying the state law requirement for an invasion of privacy.

39. The conduct of the Defendants in engaging in the illegal collection activities demonstrated blatant and shocking disregard of Plaintiff's rights and resulted in multiple invasions of privacy in such a way as would be considered highly objectionable to a reasonable person.

40. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

41. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Ky. Rev. Stat. Ann. § 367.220(1) against the Defendants;

5. Costs of litigation and reasonable attorney's fees pursuant to Ky. Rev. Stat. Ann. § 367.220(3);

6. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional and/or reckless invasions of privacy in an amount to be determined at trial for the Plaintiff;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 25, 2013

Respectfully submitted,

By  */s/ Joseph E. Blandford, Jr.*

Joseph E. Blandford, Jr., Attorney at Law
1387 S. Fourth Street
Louisville, Kentucky 40208
Telephone: (855) 301-2100 Ext. 5535
Facsimile: (888) 653-9237
jblandford@lemberglaw.com

<u>Of Counsel To</u>
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237